IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN MAYBEN, #164710, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:17-CV-442-MHT |
| DERRICK CARTER, | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Jonathan Mayben, a state inmate, initiated this 42 U.S.C. § 1983 action by signing a document, which the court construed as his complaint, alleging denial of a mattress while at the Bullock Correctional Facility. However, Mayben did not file the $350 filing fee and $50 administrative fee applicable when a plaintiff is not proceeding *in forma pauperis*, nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by the required documentation from the inmate account clerk. Thus, the court did not have the financial information necessary to determine whether Mayben should be allowed to proceed *in forma pauperis* in this case and, therefore, entered an order requiring that on or before July 31, 2017 Mayben either pay the applicable fees or provide the court with the necessary financial information. Doc. No. 3 at 1-2. The court specifically cautioned Mayben that failure to comply with this order would result in a recommendation that this case be dismissed. Doc. No. 3 at 2.

As of the present date, Mayben has filed nothing in response to the aforementioned order. The court therefore concludes that this case is due to be

dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to submit requisite fees or file necessary financial information as required by an order of this court.

The plaintiff may file objections to the Recommendation on or before **August 25, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 11th day of August, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge